UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACY R. WILLIAMS                                            **DECISION**
                                    Plaintiff,                      **and**
                        v.                                     **ORDER**

ANDREW M. SAUL,[1] Commissioner of                **18-CV-00211F**
  Social Security,                                          (**consent**)

                                    Defendant.
_____

APPEARANCES:         LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH HILLER, Esq., of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Amherst, New York 14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              100 State Street
                              Rochester, New York 14614
                                           and
                              MICHAEL A. THOMAS
                              Special Assistant United States Attorney, of Counsel
                              Office of General Counsel
                              Social Security Administration
                              1961 Stout Street, Suite 4169
                              Denver, Colorado 80294-4003
                                           and

                              JOHN JAY LEE
                              Regional Chief Counsel, Region VIII
                              Social Security Administration

_____

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

Office of General Counsel
26 Federal Plaza
Room 3904
New York, New York 10278

## <u>JURISDICTION</u>

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C.

§ 636(c) and a Standing Order (Dkt. No. 15), to proceed before the undersigned.  (Dkt.

No. 15-1).  The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

The matter is presently before the court on motions for judgment on the pleadings filed

by Plaintiff on September 5, 2018 (Dkt. No. 10), and on November 2, 2018 by

Defendant (Dkt. No. 13).

## <u>BACKGROUND</u>

Plaintiff Tracy Williams ("Plaintiff"), brings this action under the Social Security

Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of

Social Security's final decision denying Plaintiff's application filed with the Social

Security Administration ("SSA"), on August 19, 2013, for Supplemental Security Income

under Title XVI of the Act ("SSI")("disability benefits").  Plaintiff alleges that she stopped

working on August 2, 2013, when she stopped attending job training without notice as a

result of her bi-polar disease and post-traumatic stress disorder ("PTSD") (R. 320).[2]

Plaintiff's application was denied on January 22, 2014 (R. 103), and upon Plaintiff's

timely request, on July 18, 2016 (R. 44-88), a hearing was held in Buffalo, New York,

before administrative law judge Gal Lahat ("the ALJ").  (R. 36-83).  Appearing and

---

[2] "R" references are to the page of the Administrative Record electronically filed on June 7, 2018 (Dkt. No. 5).

testifying at the hearing were Plaintiff, with legal counsel Michael Pritch, Esq. ("Pritch"), and vocational expert Peter Manzi ("the VE" or "VE Manzi"). On September 29, 2016, the ALJ issued a decision denying Plaintiff's claim (R. 22-34) ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council, with Pritch appointed to represent Plaintiff on her administrative appeal. On January 26, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (R. 1-4). On February 8, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision. (Dkt. No. 1). On September 5, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 10) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 10-1) ("Plaintiff's Memorandum"). On January 2, 2018, Defendant filed a motion for judgment on the pleadings (Dkt. No.13) ("Defendant's Motion"), attaching a Memorandum in Support and in Response to Plaintiff's Brief (Dkt. No. 13-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on January 26, 2018, Plaintiff's Response to the Defendant's Motion (Dkt. No. 14) ("Plaintiff's Reply"). Oral argument was deemed unnecessary. Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED, and the matter is REMANDED for calculation of benefits.

## **FACTS**[3]

Plaintiff, born on January 3, 1967, completed tenth grade in high school (R. 32, 320, 677), and worked most recently doing housekeeping and maintenance for charitable organizations.

## **DISCUSSION**

### 1.    **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather,

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

"the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.    Disability Determination

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[5] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[5] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A);

20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment

or its equivalent is not listed in Appendix 1, the Commissioner must then consider the

applicant's "residual functional capacity" ("RFC"), which is the ability to perform physical

or mental work activities on a sustained basis, notwithstanding the limitations posed by

the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)(f),

and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and

416.920(e). If the applicant remains capable of performing PRW, disability benefits will

be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the

Commissioner, at the fifth step, must consider whether, given the applicant's age,

education, and past work experience, the applicant "retains a residual functional

capacity to perform alternative substantial gainful work which exists in the national

economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and

citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on

the applicant for the first four steps, with the Commissioner bearing the burden of proof

on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*,

537 F.3d 117, 128 (2d Cir. 2008).

    In the instant case, the ALJ determined that Plaintiff did not engage in substantial

gainful activity since August 19, 2013, the date of Plaintiff's application for disability, has

the severe impairments of a mental impairment with diagnosis of bipolar disorder,

depressive disorder, PTSD, history of substance abuse, asthma, borderline intellectual

functioning, that Plaintiff's impairments or combination of impairments do not meet or

medically equal the severity of any impairment in the Listings in Appendix 1, and that

Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels limited to performing low stress work defined as work that involves no more than average pace and production demands, no interaction with the general public, avoiding exposure to extreme cold, heat, and other atmospheric conditions including fumes, odors, dust and gasses, limited to understanding, remembering, and carrying out only simple instructions and making simple work-related decisions, and dealing with changes in no more than a routine work setting.  (R. 27).  The ALJ further concluded that Plaintiff does not have any past relevant work, and is capable of performing work existing in significant numbers in the national economy including the jobs of laundry sorter, photocopy machine operator and collator operator, and, as such, is not disabled as defined under the Act.  (R. 32-33)

Plaintiff does not contest the ALJ's findings with regard to the first, second, and third steps of the five-step disability review analysis, but argues that at step four, the ALJ's residual functional capacity assessment of Plaintiff is without support of substantial evidence as the ALJ violated the treating physician rule by improperly evaluating the opinion of Plaintiff's treating physician Yogesh Bakhai, M.D. ("Dr. Bakhai").  Plaintiff's Memorandum at 22-28.  Defendant maintains that the ALJ properly afforded less weight to Dr. Bakhai's findings on Plaintiff's functional limitations as Dr. Bakhai provided treatment to Plaintiff during only a limited time in April 2016, a duration insufficient to provide Dr. Bakhai with a longitudinal understanding of Plaintiff's impairments.  Defendant's Memorandum at 18.

In particular, Plaintiff alleges that Dr. Bakhai's finding that Plaintiff had a poor ability to follow work rules, relate to co-workers, deal with the public, interact with

supervisors, deal with stress, function independently, maintain attention and concentration, make good decisions, work in the same general area with others, that Plaintiff's ability to function would significantly deteriorate should she return to full-time work and result in Plaintiff missing more than four days of work each month, set forth in an attorney-produced Mental Residual Functional Capacity Questionnaire of Plaintiff, is supported by Plaintiff's reports from Plaintiff's psychiatric treatment providers at Erie County Medical Center ("E.C.M.C."), a local public hospital. Plaintiff's Memorandum at 27-30. Defendant maintains that the limited weight the ALJ afforded to Dr. Bakhai's finding is supported by substantial evidence as Dr. Bakhai provided treatment to Plaintiff on only a limited basis and is inconsistent with Dr. Bakhai's own treatment notes. Defendant's Memorandum at 20-21. Defendant's argument on this issue is without merit.

Treating physician opinions are not determinative and granted controlling weight only when not inconsistent with other controlling evidence, 20 C.F.R. § 404.1527(d); *Meyers v. Astrue,* 681 F.Supp. 2d 388, 405 (W.D.N.Y.) (citing *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)), and the treating physician rule requires the court consider four factors in determining whether an ALJ correctly refused to grant a treating physician's opinion controlling weight including: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Clark v. Commissioner of Social Security*, 143 F.3d 115, 118 (2d Cir. 1998). Here, the ALJ's determination to afford limited weight to Dr. Bakhai's opinion regarding functional limitations resulting from Plaintiff's bipolar disorder

and PTSD (R. 30), does not comply with the four factors, especially the third factor, *i.e.*, the opinion's consistency with the record as a whole.

In particular, Dr. Bakhai's opinion that Plaintiff's mental impairments would significantly deteriorate should Plaintiff return to full-time work and result in Plaintiff missing more than four days of work each month is supported in a Mental Health Assessment by Nurse Practitioner Joan Canzoneri,("N.P. Canzoneri"), employed at E.C.M.C., on May 18, 2016, who noted that Plaintiff reported being hyperactive, hearing voices talking in her head, anxiety and depression, more productivity while on medication and, experiencing violent nightmares, and evaluated Plaintiff with positive paranoid delusions, auditory and visual hallucinations, elevated, labile and tearful affect, prescribed Prazosin for Plaintiff's nightmares, continued Plaintiff's Zoloft (depression), Depakote (bipolar mania), recommended that Plaintiff receive psychotherapy, and noted that Plaintiff meets the criteria for bipolar disorder with psychotic features. (R. 688-89). Prior to N.P. Canzoneri's diagnosis, on April 26, 2016, Tara Senia ("Ms. Senia"), a social worker at E.C.M.C. completed a comprehensive psychological assessment of Plaintiff, noted that Plaintiff reported anxiety, racing thoughts, nervousness, poor concentration and sleep, command hallucinations to physically harm people, visual hallucinations, irritability, isolation, fatigue, poor appetite, paranoia, nightmares, a history of addiction and drug abuse, and post-traumatic stress from being physically abused as a child and the murders of her mother and sister, and diagnosed Plaintiff with bipolar disorder with severe psychotic features, chronic PTSD, generalized anxiety disorder and cannabis abuse. (R. 677-81). On June 17, 2016, Ms. Senia again evaluated Plaintiff with intact memory and concentration, clear and goal-directed thoughts, mildly impaired

insight and judgment, somewhat pressured and flat speech, and noted that Plaintiff reported visions of stabbing her boyfriend in the chest, feeling on guard, nightmares, intrusive thoughts, and compliance with her medication.  (R. 693).  On June 24, 2016, Ms. Senia noted that Plaintiff reported command hallucinations directing her to stab her boyfriend and that Plaintiff had removed knives from her kitchen to prevent her from carrying out the assault.  Ms. Senia evaluated Plaintiff with intact memory and concentration, elevated mood with affect congruent to the situation, clear and goal-directed thoughts, mildly impaired insight and judgment, good eye contact, hallucinations leading to homicidal thoughts, significant fluctuation between hypo-mania and depressive symptoms, and compliance with her medication.  (R. 694).  During a counseling session with Ms. Senia on June 29, 2016, Plaintiff was in significant distress after a meeting with Dr. Bakhai wherein Plaintiff reportedly "begged" Dr. Bakhai for assistance with her medication, upon which Dr. Bakhai advised Plaintiff that counting to ten would help to alleviate her psychiatric symptoms.  Ms. Senia evaluated Plaintiff with poor concentration, appetite, impulse control, fluctuating energy levels based on hypo-mania and depression, moderate insight, and recommended Plaintiff enter a stabilization program for medication management.  (R. 695).  That same day, Dr. Bakhai, in agreement with N.P. Canzoneri's recommendation that Plaintiff be admitted for treatment and medication management completed an intake assessment of Plaintiff for admission to E.C.M.C.  (R. 731-32).  On July 1, 2016, Seung-Kyoon Park, M.D. ("Dr. Park"), completed a pre-admission evaluation on Plaintiff, noted that Plaintiff was nervous and hyperactive, evaluated Plaintiff with coherent, slightly rapid speech, dysphoric (sad, depressed), slightly labile mood, intact cognitive function (R. 697-98),

and admitted Plaintiff for hospitalization at E.C.M.C.[6] where Plaintiff would undergo group counseling five days a week for four hours each day supported by individualized therapy, and medication management.  (R. 698).  On July 12, 2016, Plaintiff was discharged from E.C.M.C. and evaluated with coherent speech, irritable slightly labile mood, bipolar disorder and PTSD.  (R. 699).  In accordance with the foregoing, Discussion, *supra*, at 9-10, substantial evidence supports a finding that the record as a whole supports Dr. Bakhai's opinion that Plaintiff's ability to function would significantly deteriorate upon her return to full-time employment and that Plaintiff would miss more than four days of work each month.  (R. 706-07).  The ALJ's determination to afford less weight to Dr. Bakhai's opinion on Plaintiff's inability to perform work, on this record, is thus without support of substantial evidence.  As indicated by VE Manzi in response to a hypothetical question posed by the ALJ during Plaintiff's administrative hearing on July 18, 2016, an individual, like Plaintiff, whose impairments would result in missing four days of work each month on a sustained basis is unable to sustain substantial gainful employment and is disabled.  (R. 83).  *See Racine v. Berryhilll,* 2017 WL 4570387, at *4 (W.D.N.Y. Sept. 12, 2017) (citing *Pembroke v. Colvin,* 2014 WL 1679419, at *10 (W.D.N.Y. Apr. 28, 2014) (vocational experts agree that missing four days of work per month precludes substantial gainful employment)). Plaintiff is therefore unable to perform substantial gainful employment and is disabled.

---

[6] The ALJ's finding that the record includes "no significant indication[] . . . of [Plaintiff's] need for frequent or significant change [in Plaintiff's] dosage or type of medication" (R. 29), is inconsistent with Plaintiff's admission to E.C.M.C. from July 1, 2016 to July 12, 2016, wherein Plaintiff received intensive psychiatric treatment and medication management.  (R. 695-99).

As Plaintiff is deemed disabled under step four of the disability review process, remand for calculation of benefits is warranted. *Parker*, 626 F.2d at 235 (where no useful purpose would be served by remand for further development of record, remand for calculation of benefits is appropriate); *Martinez v. Commissioner of Social Security*, 262 F.Supp.2d 40, 49 (W.D.N.Y. 2003) ("Where the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose, a remand for calculation of benefits is appropriate."). The matter is therefore remanded for calculation of benefits.

Mindful of the often painfully slow process by which disability determinations are made, the Second Circuit instructs that some evaluation of relative hardship to a claimant of further delay should be considered, *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004), district courts may therefore "when appropriate set a time limit for action by the administrative tribunal, and this is often done." *Zambrano v. Califano,* 651 F.2d 842, 844 (2d Cir. 1981) (citing cases). *See also Michaels v. Colvin*, 621 Fed.Appx. 35, 41 (2d Cir. Aug. 14, 2015) (directing upon remand for further fact-finding at step five that given eight years had elapsed since the plaintiff filed for disability benefits, the further administrative proceedings were to be completed within 120 days, with the Commissioner's final decision to be rendered within 60 days of any appeal by the plaintiff from the ALJ's decision, and citing *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004) (imposing time limit on remand where "the past delay is of such magnitude – years – that a time limit is imperative") *as amended on reh'g in part*, 416 F.3d 101, 106 (2d Cir. 2005) (providing that if deadlines for further administrative proceedings at the

fifth step, on which the Commissioner bears the burden of proof, are not met, "a calculation of benefits owed [plaintiff] must be made immediately)).

Plaintiff filed her application for disability on August 19, 2013 (R. 210), testified at an administrative hearing on July 18, 2016 (R. 44), received a final decision of not disabled on September 29, 2016 (R. 19-33), and a denial by the Appeals Council on December 5, 2017.  (R. 1-4).  As it has been nearly six years since Plaintiff first filed her application for disability, further delay for remand is a hardship this Plaintiff should not bear.  The Commissioner's calculation of benefits should therefore be completed <u>within 120 days</u> of this Decision and Order.  *See Dambrowski v. Astrue,* 590 F.Supp.2d 579, 588 (S.D.N.Y.) (imposing a time limit of 120 days for subsequent proceedings when five years had passed since Plaintiff filed his application).

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 10) is GRANTED; Defendant's motion (Doc. No. 13) is DENIED, and the case is Remanded to the Commissioner solely for calculation of benefits.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      August 20, 2019
            Buffalo, New York